UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK JAMES FOXX,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case no. 4:17cv01470 PLC |
| ) | |
| **STATE OF MISSOURI -** ) | |
| **COUNTY PROSECUTOR,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Frederick James Foxx seeks leave to proceed in forma pauperis on his petition for habeas relief filed under 28 U.S.C. Section 2241 [ECF No. 2].[1]  Petitioner's motion to proceed in forma pauperis includes an affidavit of Petitioner's financial circumstances. Additionally, this matter is before the Court on review of Petitioner's habeas petition under 28 U.S.C. Section  2243 and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 ("Rules"), which the Court may apply to a Section 2241 habeas proceeding.  See Rule 1(b).

### Plaintiff's In Forma Pauperis Status

A habeas petitioner may seek leave to proceed without paying a filing fee, [2] otherwise known as proceeding in forma pauperis.  See 28 U.S.C. § 1915; see also Rule 3(a).  A court has discretion to grant or deny in forma pauperis status under Section 1915.  Lee v. McDonald's

---

[1] Petitioner also filed a motion to appoint counsel [ECF No. 3].  That motion remains pending at this time.

[2] The fee required to file an application for writ of habeas corpus in a district court is $5.00. 28 U.S.C. § 1914(a).  Under 28 U.S.C. Section 1914(b), the Clerk of Court must also "collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  Effective December 1, 2016, the Judicial Conference added a $50.00 administrative fee to the statutory fee for filing a civil action in district court. See Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2016) (as reported for 28 U.S.C.A. § 1914 in the 2017 Cum. Ann. Pocket Part for the 2006 bound Vol. of Title 28 U.S.C.A. §§ 1861-1960).  The Judicial Conference expressly provided, however, that the additional $50.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915."  Id.

Corp., 231 F.3d 456, 458 (8th Cir. 2000). A litigant qualifies for in forma pauperis status based on the litigant's own financial status, independent of assets of the litigant's spouse. Id. at 459. Additionally, "in forma pauperis status does not require a litigant to demonstrate absolute destitution." Id.

A district court may authorize the commencement of any civil action without the prepayment of fees by "a person who submits an affidavit that[, in addition to other information,] includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). In addition to filing the affidavit, a

> prisoner seeking to bring a civil action . . . without prepayment of fees . . . [must] submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Rule 3(a)(2). Section 1915 defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or [a] diversionary program." 28 U.S.C. § 1915(h); see also 28 U.S.C. § 1915A(b)(2).

Importantly, when a prisoner pursues a civil action in forma pauperis, the statute requires that "the prisoner . . . pay the full amount of [the] filing fee." 28 U.S.C. § 1915(b)(1). A prisoner's payment of the full filing fee occurs through the court's assessment and collection of an "initial partial filing fee" followed by required "monthly payments." 28 U.S.C. § 1915(b). The initial partial filing fee is "20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After

the initial partial filing fee is paid, the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," with the "agency having custody of the prisoner . . . forward[ing] payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fee[ is] paid." 28 U.S.C. § 1915(b)(2). Importantly, Section 1915 provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

While the record includes Petitioner's affidavit, it does not contain "a certified copy of [a] trust fund account statement (or institutional equivalent) for [Petitioner] for the 6-month period immediately preceding the filing" of his petition, nor does it contain any other account statement. Having reviewed Petitioner's available financial information, the Court grants Petitioner's motion to proceed in forma pauperis, with no initial partial filing fee assessed. See 28 U.S.C. § 1915(b)(4); see also Henderson v. Norris, 129 F.3d 481, 484, 485 (8th Cir. 1997) (per curiam) (addressing and setting forth the procedure for the district court's in forma pauperis fee calculations and assessments for an appeal of a civil action, and noting the district court may calculate the initial partial filing fee, in the absence of a certified copy of the prison account, as "$35 or such other amount that is reasonable based on whatever information the court has about the prisoner's finances" or "as $35 or such other reasonable amount warranted by available information").

Having granted Petitioner in forma pauperis status to pursue this habeas proceeding, the Court must consider whether the petition is subject to summary dismissal because Petitioner is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4.

**Standard of Review of a Habeas Petitioner's Entitlement to Relief**

A district court summarily dismisses a habeas petition, without issuing a show cause order to the respondent, when review of the habeas petition demonstrates the petitioner is not entitled to habeas relief. 28 U.S.C. § 2243 (a court either grants habeas relief or issues a show cause order to the respondent, "unless it appears from the [habeas petition] that the [petitioner] is not entitled to relief"); Rule 4 (a judge must examine the habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). In general, Section 2241 provides the federal courts with power to grant a writ of habeas corpus in favor of a prisoner when: (1) the prisoner is in custody based on federal authority or is committed to trial in federal court, 28 U.S.C. § 2241(c)(1), see also 28 U.S.C. § 2255; (2) the prisoner is in custody for "an act done or omitted" under a Congressional act or an order of a federal court or judge, 28 U.S.C § 2241(c)(2); (3) the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3); (4) the prisoner is a citizen of a foreign country domiciled here and in custody for "an act done or omitted" under a right claimed under the foreign country's order, 28 U.S.C. § 2241(c)(4); and (5) "[i]t is necessary to bring [the prisoner] into court to testify or for trial," 28 U.S.C. § 2241(c)(5). Because Petitioner is not challenging the exercise of federal authority, is not a citizen of a foreign country, and does not challenge an effort to take him to court to testify or for trial, Section 2241(c)(3) is the habeas authority relevant to this proceeding.

A district court has jurisdiction "to entertain [a] petition[] for habeas relief only from [a] person[] '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a)). The Supreme Court interprets the "statutory

language as requiring that the petitioner be 'in custody' under the conviction or sentence under attack at the time" the petitioner files the habeas petition. Id. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). A "district court lacks subject-matter jurisdiction" if the "petitioner does not satisfy the custody requirement." Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991) (citing Maleng, supra). The Court's subject matter jurisdiction is a proper subject for review of a habeas petition under Section 2243 and Rule 4. See Beckwith v. Koster, No. 4:16cv1098 CDP, 2016 WL 3924187 (E.D. Mo. July 21, 2016) (considering the Court's subject matter jurisdiction over a habeas proceeding before issuing a show cause order to the respondent).

Therefore, under Section 2243 and Rule 4, the Court must consider whether the petition and materials Petitioner submitted in support of the petition demonstrate that Petitioner was "in custody" with respect to the conviction and sentence he challenges in this habeas proceeding at the time he filed his petition. If not, the proceeding must be dismissed because Petitioner is not entitled to habeas relief due to this Court's lack of subject matter jurisdiction over the proceeding.

**The Petition**

In May 2017 Petitioner filed his petition seeking habeas relief under Section 2241.[3] In his petition, Petitioner alleges he was confined in the St. Louis County Justice Center on a sentence imposed in 2014 in State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012),[4] and states he is "no longer held – Parol[e]/Probation."[5] Petitioner asserts

---

[3] See Pet'r pet'n, received May 8, 2017 [ECF No. 1].

[4] The docket sheet for State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012) is available at https://www.courts.mo.gov/casenet/cases/search Dockets.do (last visited Nov. 15, 2017).

[5] Pet'r pet'n at 2 [ECF No. 1 at 1].

5

he is challenging in this proceeding: (1) how his sentence was "carried out, calculated, or credited by prison or parole authorities," (2) his "[p]retrial detention," (3) a "[d]etainer," and (4) "[t]he validity of [his] conviction or sentence as imposed."[6] More specifically, Petitioner states as his sole ground for relief: "Violation of the Interstate Agreement on Detainers Act – was extradited twice to the State of Missouri from Massachusetts, Request for final disposition through motion filed, Ignored, after copy of article was sent w/motion to dismiss to Clerk[']s Office and Prosecutor[']s office."[7] He describes the facts supporting his ground for relief as: "Was Held at a Massachusetts Correctional facility – awaiting second extradition Due to Parole to the custody of Mass[.] Correctional facility – was ignored by Mass[.] Corr. Admin. To be seen by Judge in order to present the information of the second extradition."[8] Petitioner asserts he presented his ground "in all appeals that were available to" him; and seeks the following relief: "[t]o provide adequacy in order not to allow this to happen again [and t]o return all finances (fees) that were given to courts/Lawyer fees."[9]

In a supplement to the petition [ECF No. 5], Petitioner provided twenty-six pages of materials related to the underlying state case, State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012).[10] One of the documents reports that, on November 10, 2014, he was placed on probation for the second-degree burglary and stealing over $500

---

[6] Pet'r pet'n. at 3 [ECF No. 1 at 2].

[7] Pet'r pet'n. at 7 [ECF No. 1 at 6].

[8] Pet'r pet'n. at 8 [ECF No. 1 at 7].

[9] Pet'r pet'n. at 8, 9 [ECF No. 1 at 7, 8].

[10] The docket sheet for State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012) is available at https://www.courts.mo.gov/casenet/cases/search Dockets.do (last visited Nov. 15, 2017).

convictions in No. 12SL-CR02826-01.[11] Another document, a letter, dated January 24, 2017, from the State of Missouri Department of Corrections to Petitioner, advises Petitioner that, "effective . . . 09-20-16" he was "discharged from supervision by the Missouri Board of Probation and Parole" with regard to Case No. 12SL-CR02826-01 and other identified cases.[12] The docket sheet for Case No. 12SL-CR02826-01 reports that on October 7, 2016, the presiding judge "so ordered" the Petitioner's discharge from probation.[13]

**Discussion**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[14] Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (emphasis added). While the prisoner need not be physically confined for a district court to have subject matter jurisdiction over a habeas proceeding, "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491 (emphasis in original). In Maleng, the United States Supreme Court held that a "habeas petitioner [does not] remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." Id. at 492.

---

[11] Order of Probation, dated Nov. 10, 2014 [ECF No. 5 at 16-17]. See also the Nov. 10, 2014 entries on the docket sheet for State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012) (available at https://www.courts.mo.gov/casenet/cases/search Dockets.do (last visited Nov. 15, 2017)).

[12] Letter from Jenifer Hamm, Missouri Probation and Parole Officer II, to Fredrick Foxx, dated Jan. 24, 2017 [ECF No. 5 at 2].

[13] See Oct. 7, 2016 entry on docket sheet for State v. Foxx, No. 12SL-CR02826-01 (St. Louis County Cir. Ct. filed June 20, 2012) (available at https://www.courts.mo.gov/casenet/cases/search Dockets.do (last visited Nov. 15, 2017)).

[14] Because the Court is now addressing whether the Court has subject matter jurisdiction over this habeas proceeding, the Court need not discuss whether Petitioner would be entitled to the relief he specifically requests in his habeas petition.

The Supreme Court concluded the petitioner in <u>Maleng</u> was not "in custody" for purposes of challenging a 1958 sentence that was fully expired by the time the petitioner filed his 1985 habeas petition, but was "in custody" under 1978 state sentences that had not yet been served and were the subject of a detainer at the time he filed his 1985 petition. <u>Id.</u> at 492-93. Therefore, the Supreme Court, expressly "limit[ing its holding] to the narrow issue of 'custody' for subject-matter jurisdiction of the habeas court," affirmed the Court of Appeals' decision that petitioner had "satisfied the 'in custody' requirement for federal habeas jurisdiction." <u>Id.</u> at 493-94. A petitioner discharged from supervision before filing a habeas petition is not "in custody" when the petition is filed. <u>See</u> <u>Jackson v. Iowa</u>, 158 Fed. Appx. 755, 756 (8th Cir. 2005) (unpublished per curiam) (affirming dismissal on the ground the district court lacked "jurisdiction to entertain the habeas petition" because the petitioner was not "in custody" when he filed the petition after he "was discharged from supervised release"); <u>Charlton v. Morris</u>, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (concluding the district court was without jurisdiction to address the merits of a habeas petition because the petitioner was not "in custody" in that he "had served his state sentence and was discharged from supervised release" before he filed the petition).

Here, the information in the petition and the additional materials filed by Petitioner supporting his petition demonstrate that the sentence imposed in the state criminal case challenged in this proceeding was discharged in 2016, or months before Petitioner filed his habeas petition in May 2017. The information in the petition and supporting materials clearly show that the sentence Petitioner challenges in this proceeding was fully expired when Petitioner filed his petition and, therefore, Petitioner was not "in custody" when he filed his habeas petition. Under the circumstances, the Court lacks subject matter jurisdiction over this habeas proceeding and it "plainly appears" that Petitioner is not entitled to habeas relief.

Due to Petitioner's pro se status, however, the Court will provide Petitioner an opportunity to show cause why this proceeding should not be summarily dismissed for lack of subject matter jurisdiction. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause directed to Respondent shall issue at this time because it appears the Court lacks subject matter jurisdiction over this habeas proceeding.

**IT IS FINALLY ORDERED** that, within thirty (30) days after the date of this Memorandum and Order, Petitioner may file material showing cause why the Court should not dismiss this proceeding due to the Court's lack of subject matter jurisdiction.

**The Court will dismiss this habeas proceeding without prejudice and without further notice if Petitioner fails either (1) to comply in a timely manner with this Memorandum and Order or (2) to demonstrate that this Court may exercise subject matter jurisdiction over this habeas proceeding.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2017.